UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RODNEY MARTIN KYLES, | : | |
| Plaintiff, | : | CASE NO. 3:18-CV-1627 (MPS) |
| | : | |
| v. | : | |
| | : | |
| OMPRAKASH PILLAI, M.D., et al. | : | |
| Defendants. | : | February 22, 2019 |

**RULING ON MOTION FOR PRELIMINARY INJUNCTION (ECF No. 9)**

On June 14, 2018, the plaintiff, Rodney Martin Kyles, an inmate currently confined at the MacDougall-Walker Correctional Institution in Suffield, Connecticut, brought a civil action *pro se* under 42 U.S.C. § 1983 for monetary, injunctive, and declaratory relief against Dr. Omprakash Pillai and Nursing Supervisor Tawanna Furtick for violating his Eighth Amendment protection against cruel and unusual punishment. Compl. (ECF No. 1). The plaintiff claimed that the defendants acted with deliberate indifference to his medical needs by refusing to treat him for his chronic back problem and/or provide him with a double mattress to alleviate his back pain. *Id.* This Court issued its Initial Review Order on November 6, 2018 permitting the complaint to proceed against both defendants in their individual capacities for damages and in their official capacities for declaratory and injunctive relief. Initial Review Order (ECF No. 7).

On November 26, 2018, the plaintiff filed the instant motion for preliminary injunctive relief. Mot. for Order to Show Cause for Prelim. Inj. and TRO (ECF No. 9). He requests that this Court order the defendants to provide him with a "medium-size[d] hospital mattress" to alleviate his back pain. *Id.* at 3, 5. The defendants objected to the motion on January 22, 2019, contending that (1) the plaintiff has received consistent care

for his medical needs, including a double mattress which was given to him in January 17, 2019, and (2) neither an additional mattress nor a medical mattress "would be medically indicated for the plaintiff's back issues." Defs.' Obj. and Mem. of Law in Opp'n to Pl.'s Mot. for Prelim. Inj. (ECF No. 18). They also argue that the plaintiff has failed to show a likelihood of success on the merits of his Eighth Amendment claim, and thus, preliminary injunctive relief is not warranted. *Id.* at 5. The plaintiff filed a reply on February 4, 2019, countering that (1) he is not being provided with consistent medical care, (2) the double mattress provided to him in January 2019 did not alleviate his back problems, and (3) he has shown a substantial likelihood of success on the merits of his Eighth Amendment claim warranting an order for the defendants to provide him with a medical mattress. Pl.'s Resp. to Defs.' Obj. and Mem. of Law in Opp'n to Pl.'s Mot. for Prelim. Inj. ("Pl.'s Reply") (ECF No. 21). The Court will deny the plaintiff's motion without prejudice subject to refiling.

I. Standard of Review

Preliminary injunctive relief is an extraordinary remedy and is never awarded as a matter of right. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *Johnson v. Newport Lorillard*, No. 01-Civ-9587 (SAS), 2003 WL 169797, at *1 (S.D.N.Y. Jan. 23, 2003). "In deciding a motion for preliminary injunction, a court may consider the entire record including affidavits and other hearsay evidence." *Johnson*, 2003 WL 169797, at *1.

A movant seeking a preliminary injunction must establish (1) irreparable harm in the absence of the injunction and (2) either a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation

and a balance of hardships tipping decidedly in the movant's favor. *Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996); *Shapiro v. Cadman Towers, Inc.*, 51 F.3d 328, 332 (2d Cir. 1995); *Mitchell v. Cuomo*, 748 F.2d 804, 806 (2d Cir. 1984).

With respect to the first prong, courts will presume that a movant has established irreparable harm in the absence of injunctive relief when the movant's claim involves the alleged deprivation of a constitutional right. *Jolly*, 76 F.3d at 482; *Mitchell*, 748 F.2d at 806. However, the likelihood of irreparable harm must be "actual and imminent," not speculative. *Lopez v. McEwan*, No. 3:08-CV-678 (JCH), 2010 WL 326206, at *8 (D. Conn. Jan. 22, 2010) (quoting *New York v. Nuclear Regulator Comm'n*, 550 F.2d 745, 775 (2d Cir. 1977)).

If the moving party is seeking a "mandatory injunction," meaning an injunction that changes the status quo by commanding the opposing party to perform a positive act, then he must satisfy an even higher standard of proof with respect to the second prong. *Lopez*, 2010 WL 326206, at *8. He "must make a clear or substantial showing of a likelihood of success on the merits . . . a standard especially appropriate when a preliminary injunction is sought against the government." *Id.* (quoting *D.D. ex rel. V.D. v. New York City Bd. of Educ.*, 465 F.3d 503, 510 (2d Cir. 2006)). "[A] mandatory preliminary injunction 'should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief.'" *Banks v. Annucci*, 48 F. Supp. 3d 394, 421 (N.D.N.Y. 2014) (quoting *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010)).

II. Analysis

In light of the evidence presented by both parties, the Court concludes that the plaintiff has failed to establish imminent irreparable harm in the absence of an order for the defendants to provide him with a hospital mattress. Dr. Pillai has affirmed that he continues to evaluate the plaintiff on a three-month basis and that, as of January 17, 2019, the plaintiff has been provided with an additional mattress to alleviate his back pain. Decl. of Dr. Omprakash Pillai ("Pillai Decl.") (ECF No. 18-1) ¶¶ 4, 13. The plaintiff has also indicated in his supporting exhibits that he continues to receive medication and assessment for his back pain. Pl.'s Ex. 3 (ECF No. 21-1 at 3). Based on his evaluations, Dr. Pillai has not found a medical mattress to be appropriate for the plaintiff's condition. Pillai Decl. ¶ 12.

The plaintiff has provided evidence that as of January 29, 2019, Nurse Shantay Wells recommended that he be provided with a medical mattress for his ongoing back and leg pain. Pl.'s Ex. 4 (ECF No. 21-1 at 5-6). Nurse Wells asked the plaintiff to discuss the issue with his "treating facility physician." *Id.* Wells' assessment also indicates, however, that the plaintiff "appears to be coping well requiring no use of pain medications or frequent in[j]ections." *Id.* It is not clear whether the defendants, Dr. Pillai and Nurse Furtick, have had a chance to review Wells' assessment or re-evaluate the plaintiff. Given this very recent development, the Court does not agree that preliminary injunctive relief is warranted at this time because the plaintiff's evidence does not show that irreparable harm is imminent absent the immediate delivery of a medical mattress. The Court will permit the plaintiff one opportunity to refile his motion

after the defendants have had a chance to evaluate Wells' assessment and/or reevaluate the plaintiff's condition.

Moreover, the plaintiff has not made a "clear or substantial showing of a likelihood of success on the merits," which is required for a mandatory injunction compelling the defendants to provide him with a hospital mattress. *See Lopez*, 2010 WL 326206, at *8. He argues that the Court's finding of a plausible Eighth Amendment claim in the Initial Review Order and order directing the defendants to respond to his motion for preliminary injunctive relief "indicates that there is merit to [his] case." Pl.'s Reply at 9. The plaintiff is incorrect. Although the Court found that the plaintiff's allegations stated a plausible Eighth Amendment, it did not find, nor could it find, that his claim was sufficiently meritorious to warrant immediate injunctive relief. Thus, a mandatory preliminary injunction is not warranted at this time.

## ORDERS

The motion for preliminary injunctive relief (ECF No. 9) is DENIED without prejudice subject to refiling at a later stage of litigation. Given the recent development in the case, however, the defendants are advised to reevaluate the plaintiff and determine whether a medical mattress is necessary for the plaintiff's condition.

It is so ordered.

Dated at Hartford, Connecticut this 22nd day of February 2019.

/s/
Michael P. Shea
United States District Judge

5